UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. COOK,

        Petitioner,                          Case No. 21-cv-10815
                                                      Hon. Matthew F. Leitman

v.

JONATHAN HEMINGWAY,

        Respondent.

_____/

## ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS (ECF No. 1)

Petitioner Anthony D. Cook is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan. On March 30, 2021, Cook filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) For the reasons explained below, the Petition is **DISMISSED**.

**I**

On January 6, 2013, Cook and three accomplices robbed a Community Financial Service Center in Milwaukee, Wisconsin. *See United States v. Cook*, 850 F.3d 328, 330 (7th Cir. 2017). On December 2, 2014, Cook was indicted on (1) conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1915(a); (2) Hobbs Act robbery, 18 U.S.C. § 1915(a); and (3) brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See id.* at 331.

He pleaded guilty to the Hobbs Act robbery and the Section 924(c) firearms charges, and the Government dismissed the conspiracy charge. *See id.* Cook was then sentenced to 60 months in prison on the Hobbs Act robbery charge and 84 months in prison on the firearms charge, to be served consecutively. *See id.* Cook appealed the application of two sentencing enhancements, but the Seventh Circuit Court of Appeals affirmed Cook's sentence. *See id.*

In 2017, Cook filed a motion pursuant to 28 U.S.C. § 2255 alleging the ineffective assistance of counsel. The district court denied the motion. *See Cook v. United States*, No. 14-cr-226-1-JPS, 2018 WL 5473049 (E.D. Wis. Oct. 29, 2018). The Seventh Circuit Court of Appeals thereafter denied Cook's request for Certificate of Appealability. *See Cook v. United States*, No. 18-3678, 2019 WL 11321035, at *1 (7th Cir. July 26, 2019).

In 2020, Cook filed a second Section 2255 motion claiming that his Section 924(c) conviction for brandishing a firearm during a crime of violence was invalid in light of the Supreme Court's decision in *United States v. Davis*, 588 U.S. ---, 139 S. Ct. 2319 (2019). *See Cook v. United States*, No. 20-cv-171-JPS (E.D. Wis.), Dkt. No. 1. In *Davis*, the Supreme Court held that the "residual clause" in Section 924(c) – the clause that provided that "the term 'crime of violence' means an offense that is a felony and [...] that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing

2

the offense" 18 U.S.C. § 924(c)(3)(B) – was void for vagueness. *Davis*, 139 S.Ct. at 2323, 2336. Cook argued that in light of *Davis*, "his conviction[s … were] unconstitutional because [he] did not commit a crime of violence under 18 U.S.C. § 924(c)." *Cook v. United States*, No. 20-cv-171-JPS (E.D. Wis.), Dkt. No. 1, Page 3. The district court denied the motion for lack of jurisdiction because Cook did not have prior authorization to file a successive motion to vacate his sentence as required by 28 U.S.C. § 2255(h). *See Cook v. United States*, No. 20-cv-171-JPS (E.D. Wis.), Dkt. No. 3.

Cook then filed a Notice of Appeal. The United States Court of Appeals for the Seventh Circuit construed the Notice as a request for a Certificate of Appealability and denied that request. *See Cook v. United States*, No. 20-1282, Dkt. No. 6. The Seventh Circuit explained that it had "reviewed the order of the district court and the record on appeal" and had found "no substantial showing of the denial of a constitutional right." *Id.*, Page 1.

Cook then filed his Petition in this Court under 28 U.S.C. § 2241. (*See* ECF No. 1.) In the Petition, Cook seeks relief from his Section 924(c) conviction for the use of a firearm in commission of a crime of violence. As Cook did in his second Section 2255 motion, he again relies on the Supreme Court's decision in *Davis* and again argues that in light of *Davis*, his Hobbs Act robbery charge no longer qualifies as a "crime of violence."

3

Cook has also filed a supplemental brief in which he raises a new claim. (*See* Supp. Br., ECF No. 8.) In the supplemental brief, Cook argues that he is entitled to relief from his Section 924(c) conviction under the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery is not a crime of violence under Section 924(c)(3)(A).

## II

Cook's two challenges to his Section 924(c) conviction are not cognizable in a petition filed under Section 2241. Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255," not in a Section 2241 petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A limited exception to this rule is found in the "savings clause" of Section 2255(e). The saving clause of Section 2255(e) allows a prisoner to challenge the lawfulness of his conviction or sentence under Section 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A habeas petition under Section 2241

4

is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence under Section 2255. *Charles*, 180 F.3d at 758.

The Court begins with Cook's *Davis* claim. Cook says that the savings clause allows him to present his *Davis* claim under Section 2241 because he has not previously had a reasonable opportunity to raise that claim under Section 2255 and, therefore, Section 2255 did not provide him with an adequate or effective remedy. (*See* Pet. at 5, ECF No. 1, PageID.15.) The Court disagrees. The Seventh Circuit considered Cook's claim under *Davis* on the merits when it considered his Notice of Appeal, determined that Cook had failed to make a substantial showing that he had suffered the denial of a constitutional right, and declined to permit Cook to pursue the claim further. The fact that the Seventh Circuit denied relief under Section 2255 did not render Section 2255 unavailable or ineffective. Indeed, the Sixth Circuit has explained that Section 2255 is "not considered inadequate or ineffective simply because … the petitioner [– like Cook here –] has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756.[1]

The Court next turns to whether the savings clause allows Cook to present his claim under *Taylor* in his Section 2241 Petition. It does not. In *Taylor*, the Supreme

---

[1] In any event, *Davis* does not undermine Cook's Section 924(c) conviction. As explained above, *Davis* invalidated the residual clause of Section 924(c). But Cook's Hobbs Act robbery still qualifies as a crime of violence under Section 924(c)(3)(A)'s *elements* clause, and *Davis* did not invalidate that clause of Section 924(c). *See United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017).

5

Court held that an *attempted* Hobbs Act robbery is not a crime of violence under Section 924(c)(3)(A). *Taylor*, 596 U.S. at 858-59.  *Taylor* is a case of statutory interpretation, *see Birtha v. Gilley*, 2023 WL 6052516, *2 (6th Cir., 2023), and the Supreme Court recently held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).  The savings clause therefore does not permit Cook to pursue his *Taylor* claim in his current Section 2241 Petition.

In sum, Cook may not proceed under Section 2241 because he has failed to show that Section 2255 was "inadequate or ineffective" to test his sentence.

## III

For the reasons explained above, the Petition (ECF No. 1) is **DISMISSED**.

The Court **GRANTS** Cook leave to appeal *in forma pauperis* because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Finally, the Court notes that a Certificate of Appealability is not needed to appeal the denial of a habeas petition filed under Section 2241.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: March 18, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
